The Honorable Tom Kennedy Prosecuting Attorney Fifth Judicial District 107 West Main Russellville, Arkansas 72801
Dear Mr. Kennedy:
This is in response to your request, submitted by Deputy Prosecuting Attorney Gordon W. McCain, Jr., for an opinion on the following question:
 After a municipality has annexed property who has the responsibility to notify the county tax assessor of the annexation?
It is my opinion, although the statutes do not in all cases expressly so state, that the responsibility noted above falls upon the county clerk.
There are several subchapters of the Arkansas Code under which territory may be annexed to municipalities. Three are pertinent to your question.[1] A fourth subchapter, however, provides general filing and recording requirements for additions to cities and incorporated towns. See A.C.A.14-41-201 to -203 (1987). Section 14-41-201 provides that any person or corporation who makes any addition of real estate to any city shall be required to file and record a plat of the land in the circuit clerk's (or recorder's) office. Section 14-41-202 provides that the circuit clerk has the duty to notify the county clerk of the addition. Section 14-41-203
states that when the county clerk delivers the tax books to the assessor, he shall enter the number of each lot and block on the tax book for real estate as other real estate is entered, and it shall be assessed as other real estate of like character. See also A.C.A. 26-26-702 (1987) (requiring the county clerk to provide the tax assessor an abstract containing a description of each tract of land situated within the boundaries of any city or town or addition thereto).
Thus, these statutes appear to place the duty to notify the tax assessor of an annexation on the county clerk. The various subchapters authorizing annexation of lands appear to be consistent with this conclusion. The most recently amended is A.C.A. 14-40-301 — 304 (1987), which provides for the annexation of certain contiguous lands upon the adoption of an ordinance and a favorable result at an election held on the question. See A.C.A. 14-40-303 (Cum. Supp. 1993). This statute provides, in subsection (c)(1)(a), for the filing of the ordinance and a map or plat of the area annexed with the county clerk. Thus, under this procedure, it is the county clerk who will have the information necessary to make the required adjustments to the tax books.
The second relevant subchapter is A.C.A. 14-40-501 — 503 which authorizes the annexation of "surrounded land." This subchapter does not specify which officer is to notify the county tax assessor of any annexation. In my opinion, however, the general statutes described above may be cited as authority for the proposition that the duty falls upon the county clerk. Certainly nothing in A.C.A. 14-40-501 to -503 would prohibit this duty from being placed upon the county clerk.
The final subchapter which is of relevance to your question is A.C.A. 14-40-601 to -606. Section 14-40-603 provides that if the annexation is successful, the county clerk is to certify the plat, order of the county court and the ordinance or resolution of the council and forward a copy of each to the Secretary of State and the Director of the Tax Division of the Public Service Commission so that it may notify all utility companies. In my opinion the general statutes cited above, A.C.A. 14-41-201 to -203 and A.C.A. 26-26-702, may be cited as also requiring the county clerk to notify the county tax assessor, by making the adjustments to the tax books as contemplated by A.C.A. 14-41-203.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] I assume from the wording of your question that A.C.A.14-40-401 to -408 (1987) is not implicated, as it involves the annexation of land in an adjoining county, and the responsibility for the collection of taxes in such instance remains with the county where the land is situated.